ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| JARITZA LÓPEZ RODRÍGUEZ; Y OTROS Recurrido<br><br>v.<br><br>UNION AUTO GROUP OUTLET, LLC; Y OTROS Peticionario | TA2026CE00239 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Número: SJ2025CV04274<br><br>Sobre: Acción Resolutoria y Otros |
| --- | --- | --- |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno

Rivera Marchand, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 17 de marzo de 2026.

Comparece ante esta Curia, el señor Rhamses Carazo (Sr. Carazo o Peticionario) y solicita que revoquemos la *Resolución* que el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI o foro primario) notificó, el 26 de enero de 2026. Mediante el referido pronunciamiento, el foro primario denegó su *Moción en Solicitud de Desestimación.*

Por los fundamentos que expondremos a continuación, denegamos la expedición del auto de *certiorari.*

**I.**

Surge del expediente que, el 19 de mayo de 2025, la señora Jaritza López Rodríguez y el señor Luis A. León López (Demandantes o Recurridos) instaron una *Demanda* sobre nulidad de contrato de compraventa de vehículo de motor, saneamiento por vicios ocultos y/o evicción, incumplimiento de contrato y daños y perjuicios en contra de Union Auto Group Outlet LLC, Oriental Bank y otros demandados de nombres desconocidos (Demandados). Esta fue objeto de enmienda, el 23 de junio de 2025, a los fines de incluir

como codemandados a Franklin Díaz, Juan J. Díaz y al Sr. Carazo, como principales oficiales y dueños de Union Auto. Los Demandantes hicieron constar que, según los récords del Departamento de Estado de Puerto Rico, el Sr. Carazo es el presidente y secretario de Union Auto, mientras que, Franklin Díaz y Juan J. Díaz son el vicepresidente y director de operaciones, respectivamente.

Entre las alegaciones, los Demandantes señalaron que Union Auto carece de una estructura administrativa, financiera y contable independiente de sus dueños principales; y que los ingresos, los activos y las decisiones operacionales de Union Auto redundan en beneficio directo de sus dueños, en ausencia de formalidades corporativas. Añadieron que, los dueños principales pretenden evadir la responsabilidad de sus actos ilegales y fraudulentos, y eludir obligaciones contractuales, legales y reglamentarias sustentado en una ficción corporativa, sin que verdaderamente exista una separación entre la entidad jurídica y los intereses individuales de los codemandados. Sustentado en lo anterior, invocaron la nulidad del Contrato de Venta al por Menor a Plazos suscrito, el 26 de julio de 2023.

Luego de varias incidencias procesales que resultan innecesario pormenorizar, el 15 de octubre de 2025, el Sr. Carazo instó una solicitud de desestimación, al amparo de la Regla 10.2(5) de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2(5). Lo antes, por entender que las alegaciones de la *Demanda* son insuficientes para rebatir la presunción de responsabilidad limitada. Argumentó que, no procede descorrer el velo corporativo ante unas alegaciones genéricas, sin que los Demandantes hayan especificado cuáles actuaciones ilícitas o fraudulentas le imputan para justificar, por excepción, responsabilizarlo en su carácter personal. Aseguró no haber sido quien se comunicó directamente con los

Demandantes, en representación de Union Auto, para la venta del vehículo en cuestión. Discutió que los Demandantes no lograron establecer que se confunden el interés y propiedad del Sr. Carazo con el de Union Auto, de forma tal, que esta última no es realmente una persona jurídica independiente y separada.

En reacción, los Demandantes se opusieron al referido petitorio. Argumentaron que el Sr. Carazo no cuestionó la suficiencia jurídica de la *Demanda Enmendada,* más bien, pretende, en esta etapa de los procesos, controvertir las alegaciones -de fraude, dolo, control corporativo absoluto y utilización instrumental de la personalidad jurídica-, en contra del estándar aplicable bajo la Regla 10.2, *supra,* el cual obliga a dar por ciertas las alegaciones bien formuladas. Aseguraron haber incluido alegaciones específicas, no conclusorias, sobre los deberes que evadieron los oficiales principales, su participación directa en las decisiones operacionales y el beneficio personal obtenido en detrimento de terceros. Discutieron que, el Sr. Carazo intenta adelantar una controversia probatoria mediante una adjudicación anticipada de los méritos.

Evaluados los escritos de ambas partes, el foro primario se negó a desestimar la causa en contra del Sr. Carazo. En desacuerdo, el Peticionario acude ante esta Curia mediante el presente recurso en el cual le imputa al TPI lo siguiente:

> Erró el Honorable Tribunal de Primera Instancia al no desestimar la causa de acción contra el Sr. Rhamses Carazo y permitir que subsista en contra de su carácter personal una reclamación que no contiene alegaciones fácticas específicas ni suficientes que rebasen el umbral de plausibilidad exigido por la Regla 10.2(5) de Procedimiento Civil, ni que justifiquen el descorrimiento del velo corporativo.

En cumplimiento con nuestra *Resolución,* notificada el 27 de febrero de 2026, los Recurridos instaron su alegato en oposición. Con el beneficio de las posturas de las partes, resolvemos.

## II.

### A. *Certiorari*

El recurso de *certiorari* es un auto procesal extraordinario por el cual un peticionario solicita a un tribunal de mayor jerarquía que revise y corrija las determinaciones de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023). Es norma reiterada que, una resolución u orden interlocutoria, contrario a una sentencia, es revisable ante el Tribunal de Apelaciones mediante auto de *certiorari. Rivera et al. v. Arcos Dorados et al.,* supra. A diferencia del recurso de apelación, el tribunal revisor tiene la facultad de expedir el auto de *certiorari* de manera discrecional. *Torres González v. Zaragoza Meléndez,* supra.

Por su parte, la Regla 52.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, limita la facultad que tiene el foro apelativo intermedio para revisar las resoluciones u órdenes interlocutorias que emite el foro primario. *Caribbean Orthopedics v. Medshape, et al.*, 207 DPR 994 (2021). Esa regla establece que el recurso de *certiorari* solo se expedirá cuando se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo. *Torres González v. Zaragoza Meléndez,* supra.

No obstante, la citada Regla 52.1, también dispone que el tribunal apelativo, en su ejercicio discrecional y por excepción, podrá expedir un recurso de *certiorari* cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios evidenciarios, en casos de anotaciones de rebeldía, en casos de relaciones de familia, en casos revestidos de interés público o en cualquier otra situación en la que esperar a una apelación constituiría un fracaso irremediable a la justicia. *Íd.* El delimitar la revisión a instancias

específicas tiene como propósito evitar las "dilaciones innecesarias, el fraccionamiento de causas y las intervenciones a destiempo." *800 Ponce de León v. AIG,* 205 DPR 163, 191 (2020).

Por otro lado, el examen que hace este Tribunal previo a expedir un auto de *certiorari* no se da en el vacío ni en ausencia de otros parámetros. *Torres González v. Zaragoza Meléndez,* supra. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, señala los criterios que debemos tomar en consideración al evaluar si procede expedir el auto de *certiorari. BPPR v. SLG Gómez-López,* 213 DPR 314 (2023). La citada regla dispone:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El foro apelativo debe ejercer su facultad revisora solamente en aquellos casos en los cuales se demuestre que el dictamen emitido por el foro de instancia es arbitrario o constituye un exceso de discreción. *Íd.* A tenor de la Regla 11(C) de nuestro Reglamento,

*supra,* cuando la citada Regla 52.1 impida expedir el auto de *certiorari,* procede denegar su expedición.

**B. Regla 10.2 (5) de Procedimiento Civil**

La Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, viabiliza que un demandado solicite la desestimación de la causa de acción en su contra, antes de contestarla, si de las alegaciones de la demanda surge claramente que alguna de las defensas afirmativas derrotará la pretensión de la parte demandante. *Costas Elena y otros v. Magic Sport y otros,* 213 DPR 523 (2024); *Eagle Security v. Efrón Dorado, et al.*, 211 DPR 70, 83 (2023). Particularmente, la Regla 10.2, *supra,* enumera las siguientes defensas: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio; y (6) dejar de acumular una parte indispensable. Regla 10.2 de Procedimiento Civil, *supra*; *Díaz Vázquez et al. v. Colón Peña et al.,* 214 DPR 1135 (2024); *Blassino, Reyes v. Reyes Blassino,* 214 DPR 1109 (2024).

Ante una solicitud de desestimación bajo el inciso (5) de la citada Regla 10.2 de Procedimiento Civil, el tribunal ha de tomar como ciertos todos los hechos claros y concluyentes, bien alegados en la demanda. *Íd.* Asimismo, el tribunal deberá evaluar si la demanda es suficiente para constituir una reclamación válida, luego de interpretar las alegaciones, conjunta y liberalmente, de la forma más favorable a la parte demandante, y resolviendo toda duda a su favor. *Íd.*

Cabe destacar que, la desestimación de una demanda no procede, a menos que se desprenda con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de hechos que pueda ser probado en apoyo a su reclamación. *Íd.* En ese sentido, nuestro más Alto Foro ha establecido que, una

solicitud de desestimación al amparo de la Regla 10.2 de Procedimiento Civil, *supra*, va dirigida a los méritos de la controversia, no a aspectos procesales del caso. *Eagle Security Police, Inc. v. Efrón Dorado, S.E. y otros*, supra.

**III.**

En la presente causa, el Peticionario solicita nuestra intervención para que dejemos sin efecto la *Resolución* impugnada, mediante la cual, el TPI denegó su solicitud de desestimación. Según elaboramos en el tracto procesal, en síntesis, el Peticionario arguye que las alegaciones de los Demandantes son genéricas e insuficientes para rebatir la presunción de responsabilidad limitada. Fundamentado en lo anterior, discute que no procede descorrer el velo corporativo a los fines de imponerle responsabilidad personal.

En cambio, los Recurridos plantean que la intención del Peticionario -detrás de su petitorio de desestimación- es que adjudiquemos la corrección o incorrección de las alegaciones de la *Demanda Enmendada*, en esta etapa de los procesos, impidiéndole avanzar al descubrimiento de prueba. Lo antes, sin demostrar que el TPI abusó de su discreción con su proceder.

Cabe puntualizar que, ante un auto de *certiorari* que impugna la denegatoria de una moción de carácter dispositivo, la Regla 52.1 de Procedimiento Civil, *supra*, nos confiere facultad para determinar si el recurso reúne los criterios para la expedición del auto, conforme establece la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.*

Surge del expediente que, tras evaluar la moción de desestimación que instó el Peticionario, -atinente a la doctrina de descorrer el velo corporativo- el foro primario la denegó y ordenó al Sr. Carazo contestar la demanda. A esos efectos, resolvió que las alegaciones de la *Demanda Enmendada* son suficientes para sobrevivir una moción dispositiva, en esta etapa temprana del litigio,

previo al inicio del descubrimiento de prueba. Dentro del marco jurídico antes expuesto, no se desprende que el foro primario haya cometido un error de derecho o que haya actuado arbitrariamente o en exceso de su discreción al emitir el dictamen recurrido. Añádase a ello que, el Peticionario no nos ha puesto en posición de determinar que esta es la etapa más apropiada para intervenir con el pronunciamiento recurrido, en aras de evitar un fracaso irremediable de la justicia.

Al amparo de los principios para la expedición del auto de *certiorari* que dispone la Regla 40 de nuestro Reglamento, *supra,* nos abstendremos de ejercer nuestra función revisora sobre este asunto, en esta etapa inicial de los procesos.

**IV.**

Por los fundamentos expuestos, denegamos la expedición del auto de *certiorari,* según presentado.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones